# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SARA S. REED,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
DC-0752-13-6791-I-1

DATE: September 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sara S. Reed, Brentwood, Maryland, pro se.

Elinor L. Crowley, Landover, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal concerning a last chance agreement (LCA) for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    On June 5, 2013, the agency proposed to remove the appellant from her position as a Mailhandler based on a charge of Unsatisfactory Attendance/Absent Without Leave. *See* Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 9. However, the parties subsequently entered into an LCA, which was fully executed on August 9, 2013. IAF, Tab 4 at 9-10.

¶3    The appellant filed an appeal with the Board on September 9, 2013. IAF, Tab 1. She indicated that she was appealing the August 9, 2013 LCA, which she appears to allege was obtained under duress. *Id.* at 3. She requested a hearing. *Id.* at 2.

¶4    On October 29, 2013, the agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant failed to meet her burden to establish Board jurisdiction over her appeal, as required under 5 C.F.R. § 1201.56(a)(2), because the mere fact that the parties entered into an LCA is not one of the actions over which the Board has jurisdiction as set forth at 5 U.S.C. § 7512 and 5 C.F.R. § 1201.3(a). IAF, Tab 4 at 4-6. The appellant did not respond to the agency's motion. Notably, the appellant had indicated on her initial appeal form that she wished "to provide a detailed account" and "send in [her]

documentation"; however, she never filed any additional evidence or argument to explain the basis for her appeal.  IAF, Tab 1 at 3.

¶5 The administrative judge issued an initial decision on March 18, 2014, dismissing the appeal for lack of jurisdiction, without a hearing.  IAF, Tab 5, Initial Decision (ID).  She found, in relevant part, that the appellant did not allege that she had been removed pursuant to the terms of the LCA and did not otherwise show that she was subjected to any of the actions enumerated at 5 C.F.R. § 1201.3(a).[2]  *See* ID.

¶6 The appellant has filed a petition for review, to which the agency responded in opposition.  Petition for Review (PFR) File, Tabs 1, 3.  The Clerk of the Board granted the appellant's request for an extension of time to file a reply to the agency's response, but the appellant never filed a reply.  PFR File, Tabs 4-5.

¶7 On review, the appellant states that she was "illegally placed on a last chance agreement."  PFR File, Tab 1 at 3.  She seems to allege that the LCA was illegal because the agency's proposal notice improperly relied upon absences for which she had justification, including medical and other personal issues, and provided proper documentation.[3]  *Id.*  However, she has not alleged that the

---

[2] The administrative judge did not issue any jurisdictional notice.  However, the agency's motion notified the appellant of her burden to establish jurisdiction, cited the statute and regulation which identify the actions over which the Board has jurisdiction, and alleged that the appellant did not suffer any adverse action as a result of the LCA.  IAF, Tab 4 at 5-6.  In the initial decision, the administrative judge reiterated the appellant's burden to establish jurisdiction, again identified the regulation enumerating actions over which the Board has jurisdiction, and noted that the appellant failed to allege that she was removed in accordance with the LCA.  *See* ID.  We therefore find that the agency's motion to dismiss and the initial decision cured the lack of notice.  *See Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009) (an administrative judge's failure to provide proper jurisdictional notice may be cured by the agency's pleadings or the initial decision).

[3] The appellant states on review that she was "forced to resign" from her position.  PFR File, Tab 1 at 3.  Her claim seems to be that the agency coerced her to resign by proposing a removal action which, for the aforementioned reasons, it knew was improper.  *Id.*  The appellant has already filed an involuntary resignation appeal before the Board, raising substantially the same arguments as to the alleged involuntary nature

agency invoked the LCA to take any action against her. Because the appellant is not bringing the LCA before the Board to determine its effect on an appeal of a personnel action but, rather, apparently is seeking to preemptively challenge the validity of the LCA, we lack jurisdiction to review that claim because the LCA was not reached during the course of an appeal to the Board and made a part of Board record. *See Resnick v. Office of Personnel Management*, 120 M.S.P.R. 356, ¶ 12 (2013); *see also Sullivan v. Department of Veterans Affairs*, 79 M.S.P.R. 81, 84 (1998) (while the Board does not have authority to enforce a settlement agreement not entered into the record for enforcement purposes, it has authority to consider the validity of such an agreement so as to determine its effect on a personnel action before it); *see also Vasquez v. U.S. Postal Service*, 65 M.S.P.R. 128, 131 (1994) (the appellant could challenge two LCAs because the agency relied upon them in arguing that the Board lacked jurisdiction over his removal). The appellant has also not identified any other basis under 5 C.F.R. § 1201.3 for finding jurisdiction. We therefore AFFIRM the initial decision.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

of her resignation. MSPB Docket No. DC-0752-14-0290-I-1, Initial Appeal File (IAF-0290), Tabs 1, 7. An administrative judge issued an initial decision dismissing that appeal for lack of jurisdiction on February 26, 2014. IAF-0290, Tab 8, Initial Decision (ID-0290). That decision became final on April 2, 2014, because the appellant failed to file a petition for review. *See* ID-0290 at 7; *see also* 5 C.F.R. § 1201.113.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.